ANDREWS v. ROBERTS.

1. CONTINUANCE—DISABILITY OF COUNSEL—DELAY—EVIDENCE.

   Denial of motion for continuance of personal injury case on ground of alleged disabling illness of plaintiff's counsel *held*, not reversible, under record showing course of conduct justifying trial court's observation that motion had been filed only for purpose of delay, and motion which had been made the day before was not supported either by medical affidavit or testimony (Wayne Circuit Court Rules, §§ 4[b], 6[b]).

2. JUDGMENT—CONTINUANCE—DISCRETION OF COURT.

   Dismissal with prejudice, of action for personal injuries after executive judge of the circuit had denied motion for continuance *held*, not an abuse of discretion, where plaintiff's counsel appeared in court without plaintiff or witnesses on day certain set for trial and claimed inability to proceed and defendant was present and ready to proceed (Wayne Circuit Court Rules, §§ 4[b], 6[b]).

Appeal from Wayne; O'Hara (Chester P.) and Murphy (Thomas J.), JJ. Submitted January 3, 1962. (Docket No. 14, Calendar No. 49,331.) Decided May 18, 1962. Rehearing denied July 2, 1962.

Case by Lucy Andrews against David Roberts and Bobby Johnson for personal injuries. Motions for continuance denied and cause dismissed with prejudice. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Continuances §§ 4, 12.
   Continuances of civil case because of illness or death of counsel. 67 ALR2d 497.
[2] 12 Am Jur, Continuances §§ 14, 23-28.

*Harold L. White,* for plaintiff.

*Hand, Sullivan, Kiefer & Allen* (*Robert E. Sullivan,* of counsel), for defendants.

*Sullivan, Sullivan, Hull & Ranger,* for defendants on application for rehearing.

Souris, J. By this appeal we are asked to review the denial of plaintiff's motion for continuance made the day her case was assigned for jury trial and its dismissal upon her counsel's assertion that he was unable to proceed with the trial. The suit had been started in February of 1959 to recover damages for plaintiff's injuries claimed to have resulted from defendants' negligence in the operation of an automobile.

Following completion of the pretrial conference, 4 or 5 motions for discovery were filed in plaintiff's behalf. Upon denial of 3 of said motions by the executive judge of the Wayne circuit court, plaintiff filed with this Court in April of 1961 an emergency application for leave to appeal therefrom. Apparently the case was then on the circuit court's calendar of cases ready for trial. At the request of our clerk, in order to give us an opportunity to consider and to act upon plaintiff's application and in order to avoid any further delays in the trial of the case in the event plaintiff's emergency application was denied,* the Wayne circuit's executive judge set a date certain for trial of the case.

In the afternoon of May 3d, the case was assigned for trial to the Honorable Thomas J. Murphy, at which time plaintiff's counsel appeared before Judge Murphy without his client and without his witnesses but with a motion for continuance, which alleged that he (plaintiff's counsel) was "unable to attend and conduct the trial of said cause on behalf of the plaintiff due to his illness, which is disabling, un-

---

* The application was denied on April 26, 1961.

avoidable and not voluntary." The motion described counsel's illness as a disability "in the nature of internal disorders, which became evident within the past few days." The motion was accompanied by an affidavit of counsel describing his disability in the same fashion.

Pursuant to sections 4(b) and 6(b) of Wayne circuit's local rules,* Judge Murphy referred the motion for continuance to Judge Chester P. O'Hara, the executive judge. Judge O'Hara refused to grant a continuance, indicating in doing so that he believed the motion had been filed only for purpose of delay. Upon return to Judge Murphy's courtroom and after counsel for the parties had explained to him what transpired before Judge O'Hara, Judge Murphy inquired whether plaintiff's counsel was prepared to proceed with the trial and, upon counsel's reply that he was physically unable to do so, the cause was dismissed with prejudice. Orders denying the motion for continuance and dismissing the cause were subsequently signed and filed, from which orders plaintiff appeals.

We find nothing in this record to justify reversal. The record discloses a course of conduct by plaintiff's counsel which amply supports Judge O'Hara's trenchant observations concerning the purpose of the motion for continuance. Although counsel's alleged disabling illness was claimed to have become evident a few days before the motion was made, no medical affidavit accompanied the motion nor was medical testimony offered in its support. We note in passing that the motion and affidavit were executed the day before the afternoon they were presented.

Upon failure of counsel to obtain continuance from the executive judge in accordance with the practice

---

* See Honigman, Michigan Court Rules Annotated, pp 763, 764 and Honigman 1959 Supp, pp 288, 289.—REPORTER.

prescribed by the Wayne circuit's local rules, and upon his claimed inability to proceed with trial, Judge Murphy had no alternative to dismissal consistent with the interests of the public in speedy and orderly disposition of litigation, to say nothing of the interests of defendants, who were present and ready to proceed with trial.

This Court's observations in *Stevens* v. *N. Z. Graves Corp.*, 210 Mich 585, upholding denial of a motion for continuance based upon the illness of defendant's president, are equally pertinent to the case at bar:

"We think there is nothing in the history of these cases upon which we could base a holding that the trial court had abused its discretion in denying the application for continuance. The conduct of defendants' counsel, from the inception of the cases in justice's court up to the time of taking judgment in the circuit court was not such as to inspire a belief in the mind of the court that they intended to make a good-faith defense on the merits. Ordinarily the first application for continuance on account of the illness of a party, or an important witness, is given careful consideration by the courts, but even the allowance of the first application on account of illness is not a matter of right, but rests in the sound discretion of the court. *People* v. *Eamaus,* 207 Mich 442."

Affirmed. Costs to defendants.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Otis M. Smith, and Adams, JJ., concurred.