316 F.2d 774
 Effie Gilmer WILLIAMSON, Robert M. Williamson, Jr., and Marjorie Williamson, Appellants,
v.
The Honorable Paul PUERIFOY, Judge of The 95th District Court in Dallas County, Texas, Appellee.
 No. 19852.
 United States Court of Appeals Fifth Circuit.
 April 29, 1963.
 Rehearing Denied July 22, 1963.
 
 Marjorie Williamson, Effie Gilmer Williamson, Robert M. Williamson, Jr., Dallas, Tex., for appellants.
 Sol Goodell, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellee.
 Before RIVES and GEWIN, Circuit Judges, and SHEEHY, District Judge.
 PER CURIAM.
 
 
 1
 The appellants pro se filed in the district court their motion for a preliminary injunction "enjoining the Honorable Paul Puerifoy, Judge of the 95th District Court of Dallas County, Texas, pending the final hearing and determination of this action from destroying Plaintiffs' legal and constitutional rights so that Civil Action No. 76-935 shall be tried on all allegations of fact by a jury; that Plaintiffs may have due process of law and the protection of the laws of the United States provided by the Constitution to all citizens of the United States; freedom of speech to pursue the correct trial of their cause; the right of every citizen that his cause be tried by judges as free, impartial and independent as the lot of humanity will admit; and that for Plaintiffs justice shall be administered without delay, denial, or prejudice." The motion was amended several times. Eventually, the district court ordered "that the Motion for a Preliminary Injunction and all complaints and motions of Plaintiffs filed herein be and same are hereby dismissed."
 
 
 2
 The plaintiffs then filed several motions; such as, to amend that order, for a rehearing, and to correct the record. In ruling upon those motions the learned district judge patiently explained:
 
 
 3
 "At the time of entering said order, rendering the same from the bench in open court, the Court made it clear to the plaintiff Marjorie Williamson why he was without jurisdiction: simply because a Federal court had neither appellate nor supervisory control over a State district judge. The plaintiff Marjorie Williamson is a lady who commands the respect of the Court and of the public, but she is before the Court here asking for something that the Court is without power to grant.
 
 
 4
 "Plaintiffs filed a suit in the State court of Dallas County, Texas, which came up for hearing before the Honorable Paul Peurifoy, Judge of the 95th Judicial District Court in Dallas County. The ruling of the Court was not acceptable to the plaintiffs and they come to the Federal court for a correction of such ruling and for instruction of the Federal judge as to how the case should be tried.
 
 
 5
 "In deference to the fact that the plaintiff is a lady deserving consideration at our hands or the hands of any court we will again undertake to make clear to her why this court has no jurisdiction.
 
 
 6
 "In the first place, the State courts are older than the Federal courts. They were here administering justice and functioning between litigants for 150 years before the Federal Government was organized. When the Constitution was written and adopted these State courts were not abolished nor subordinated to the national courts created by the Constitution of the new nation. The national courts have jurisdiction only of those things conferred upon them by law. And at the time of the creation of the national courts and at time of writing the Constitution itself the State courts were kept as a separate and distinct judicial institution. As a result all cases that originate in the State court must be appealed to an appellate court of the State and thence to the Supreme Court of the State. All cases originating in the United States court must be appealed to the Circuit Court of the United States or to the Supreme Court of the United States. Nowhere has a Federal trial court been given supervisory or appellate jurisdiction over State judges.
 
 
 7
 "This Court sitting as a Federal judge has no more authority to tell Judge Peurifoy how he must try your lawsuit than he has to tell us how we must run our court.
 
 
 8
 "Such being the case the plaintiffs have mistaken their forum and have come to this court for relief that we are powerless to grant. Their case was originally dismissed for this reason and for the same reason the three motions that are now before us are also dismissed.
 
 
 9
 "The case no longer holds any place upon the docket of the court and the Clerk is instructed to file nothing further herein unless expressly instructed by the Court."
 
 
 10
 We cannot make the matter any clearer. It is perfectly plain that Section 2283 of Title 28, United States Code,[1] denies jurisdiction to a federal court to enjoin proceedings in a State court except in unusual circumstances not here present.
 
 The judgment is
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "2283Stay of State court proceedings
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
 
 
 On Petition for Rehearing
 
 12
 PER CURIAM.
 
 
 13
 The petition for rehearing and each of the other petitions filed therewith, that is, the petition to be allowed to amend the allegation of jurisdiction, the petition for this Court to issue a writ of injunction, and the amended petition for removal of a case from the 95th District Court in Dallas County, Texas, to the United States District Court, are hereby
 
 
 14
 Denied.