Lucy ANDREWS, Plaintiff-Appellant,

v.

Thomas J. MURPHY, Judge of the Circuit Court of Wayne County, Michigan, Defendant-Appellee.

No. 16127.

United States Court of Appeals Sixth Circuit.

July 30, 1965.

Harold L. White, Detroit, Mich., for appellant.

Joseph B. Sullivan, Detroit, Mich., for appellee, Sullivan, Sullivan, Hull & Ranger, Detroit, Mich., on brief.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Plaintiff, a Negro, filed an action for personal injuries in the Circuit Court of Wayne County, Michigan, against two white defendants early in 1959. After numerous delays the case was set for trial before a jury on May 3, 1961, with adequate advance notice to plaintiff's attorney. On that day, at a time when the defendants in the state court proceedings were present and ready to proceed with the trial, plaintiff's attorney appeared in person and moved for a continuance on the ground that he, the attorney, was ill. The attorney failed to produce medical evidence of his alleged illness. The state court concluded that the motion was filed only for purposes of delay, and denied a continuance. The state trial judge then inquired whether plaintiff's counsel was prepared to proceed with the trial and, upon counsel's reply that he was physically unable to do so, the suit was dismissed with prejudice.

The Supreme Court of Michigan affirmed the action of the state trial court. Andrews v. Roberts, 366 Mich. 620, 115 N.W.2d 322.

Plaintiff thereupon filed this action in the district court against State Circuit Judge Thomas J. Murphy under 42 U.S. C. §§ 1981, 1983, contending that the dismissal of her action in the state court was motivated by racial discrimination and that she had been denied equal protection of the laws and deprived of property without due process of law.[1]

---

1. The complaint contains the following charges:

"IX. That the foregoing acts of the defendant were arbitrary, unreasonable and were done deliberately, wilfully and with an intention to deprive plaintiff of her rights guaranteed to her by the Fourteenth Amendment to the United States

The complaint prays for a declaratory judgment to the effect that the dismissal of her suit violates her constitutional rights and that:

"* * * the defendant, his successors in office and all persons acting in defendant's behalf and in behalf and support of defendant's action be enjoined from further enforcement of defendant's aforesaid Order of dismissal of May 3, 1961, and be restrained from preventing plaintiff's aforesaid lawsuit from proceeding to trial according to law."

In granting defendant's motion for summary judgment, the district judge said:

"The Supreme Court of Michigan was a proper forum of review of the action taken in the Wayne County Circuit Court. If there were constitutional questions involved, plaintiff could have petitioned the Supreme Court of the United States for certiorari. The District Court cannot review the proceedings of the Wayne County Circuit Court. See Saier v. State Bar of Michigan [6 Cir.], 293 F.2d 756, cert. denied, 368 U.S. 947 [82 S.Ct. 388, 7 L.Ed. 2d 343]; Williamson v. Puerifov [Puerifoy, 5 Cir.], 316 F.2d 774, cert. denied, 375 U.S. 967 [84 S.Ct. 485, 11 L.Ed.2d 416].

"Plaintiff has made an extremely grave charge in suggesting that defendant's decision was informed with prejudice. Nothing contained in the portions of the record that have been submitted could substantiate such a charge, nor could anything of which plaintiff has advised the court."

We have examined the entire file and find nothing to support the charges of racial discrimination. The Supreme Court of Michigan reviewed the trial court proceedings in a comprehensive opinion and found that the denial of plaintiff's motion for a continuance and the dismissal of her action with prejudice was amply justified by the record, saying:

"We find nothing in this record to justify reversal. The record discloses a course of conduct by plaintiff's counsel which amply supports Judge O'Hara's trenchant observations concerning the purpose of the motion for continuance. Although counsel's alleged disabling illness was claimed to have become evident a few days before the motion was made, no medical affidavit accompanied the motion nor was medical testimony offered in its support. We note in passing that the motion and affidavit were executed the day

Constitution and by Title 42, United States Code, Sections 1981 and 1983.

"X. That the foregoing acts of the defendant were done as and were acts of racial discrimination. That the manner, mode and course of procedure applied against this plaintiff and her counsel have rarely, and probably never, been applied against any white litigant in the State under similar circumstances and conditions and are contrary to settled law and customary procedure in the United States, the benefits of which are secured to and enjoyed by white litigants in the State of Michigan and throughout the United States of America.

"XI. That the foregoing acts of the defendant were done as a result of an intentional purpose to discriminate between persons and classes of persons, to dis-

criminate solely on account of race against the plaintiff and her rights, in relation to white litigants under the same or similar circumstances and conditions.

"XII. That the foregoing acts of the defendant, done under color of state law, abridged and violated plaintiff's rights under the equal protection, due process and privileges and immunities clauses of the Fourteenth Amendment to the Constitution of the United States and deprived plaintiff of her rights secured to her by Title 42, United States Code, Sections 1981 and 1983, and violated the provisions of Article 6, Section 2 of the Constitution of the United States, which specifies that the Constitution and laws of the United States shall be the supreme law of the land."

**116**

before the afternoon they were presented.

"Upon failure of counsel to obtain continuance from the executive judge in accordance with the practice prescribed by the Wayne circuit's local rules, and upon his claimed inability to proceed with trial, Judge Murphy had no alternative to dismissal consistent with the interests of the public in speedy and orderly disposition of litigation, to say nothing of the interests of defendants, who were present and ready to proceed with trial." 366 Mich. 620, 622–623, 115 N.W.2d 322, 323.

At the hearing on the motion for summary judgment, the district judge repeatedly interrogated plaintiff's attorney as to the factual basis of his charges of racial discrimination. When asked specifically by the district judge whether he had any proof to support this charge, the answers of plaintiff's attorney were evasive and unresponsive. We do not find in the transcript of the hearing in the district court or in the brief and oral argument on behalf of plaintiff-appellant in this court the slightest indication of any justification of this charge. To the contrary the record compels the conclusion that plaintiff's case was dismissed in the state court because of the dilatory tactics of her attorney and his failure and refusal to proceed with the trial on the day it was set for hearing more than two years after the suit was filed.

It should be added that the record shows that Judge Murphy, defendant herein, never had any contact with the litigant but, in dismissing the action, merely followed the direction of the executive judge of his court, Judge Chester P. O'Hara, now deceased.

Furthermore, judicial officers are immune from suit under 42 U.S.C. § 1983. Kenny v. Fox, 232 F.2d 288 (C.A. 6) cert. denied, Kenney v. Killian, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66.

Affirmed.