**GEORGE A. FULLER COMPANY, Inc.**

v.

**COASTAL PLAINS, INC., and the Board of Commissioners of the Port of New Orleans.**

Civ. A. No. 68–782.

United States District Court
E. D. Louisiana,
New Orleans Division.

· May 7, 1968.

Ewell P. Walther, Jr., Campbell C. Hutchinson, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for plaintiff.

Paul A. Nalty, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendant Coastal Plains, Inc.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

This suit arose out of two construction contracts. On September 3, 1965, George A. Fuller Company, Inc. (hereinafter referred to as "Fuller") and the Board of Commissioners of the Port of New Or-

leans (hereinafter referred to as "the Dock Board") entered into a general contract pursuant to which, Fuller, as general contractor, agreed to construct a facility described as "Conveyers and Storage Facilities at Bulk Terminal, New Orleans, Louisiana" (hereinafter referred to as "the Bulk Terminal Facilities"). On September 27, 1965, Fuller made a sub-contract with Coastal Plains, Inc. under which Coastal Plains agreed, among other things, to deliver to the jobsite all conveyers required for the Bulk Terminal Facilities under the general contract.

But it is evident that all did not go well under the sub-contract, because on December 7, 1967, Coastal Plains, the sub-contractor, brought an action against Fuller, the general contractor, to recover a substantial amount allegedly still owed to it under the sub-contract. This suit was filed in the District Court in Dallas County, Texas.

On April 12, 1968, more than four months after Coastal Plains had filed its suit in the Texas state district court, Fuller filed a complaint asking for money judgments and for declaratory relief in this court. The complaint named Coastal Plains and the Dock Board as defendants. Plaintiff Fuller alleged that the conveyers installed by Coastal Plains at the jobsite did not work properly, and this caused other sub-contractors delay for which they are claiming damages and extra payments. Fuller further claims that the fact that the conveyers did not work properly caused it to incur additional overhead costs. Fuller is also suing the Dock Board for money allegedly due under the general contract.

Fuller also states in the complaint that Coastal Plains is suing it in the Texas state court for the amount owed by Fuller to Coastal Plains under the sub-contract plus extra payments because of delays and/or extra work performed. Fuller denies that such payments are due but says that if it is found that they are, then the Dock Board is liable to reimburse Fuller for such payments because it is at fault for any such extra costs due to its delay in approving designs, drawings and plans. Fuller also anticipates a claim by the Dock Board against Fuller for liquidated damages for delays in completion of the work. Fuller denies that the Dock Board is entitled to such damages but says that if the Dock Board prevails in its claim, such delay was caused solely by Coastal Plain's faulty conveyers and therefore Fuller is entitled to recover from Coastal Plains any amount which it may have to pay to the Dock Board.

Plaintiff Fuller asks for money judgments against both defendants and for declaratory judgments decreeing that neither Coastal Plains nor the Dock Board are entitled to the damages described above, or that if they are so entitled, Fuller must be reimbursed for any amounts it has to pay to them.

At the same time Fuller filed suit in this court, it also moved for a preliminary injunction enjoining Coastal Plains from continuing the prosecution of its suit against Fuller in the Texas state court. The Texas court has no jurisdiction over the Dock Board, and Fuller contends that justice cannot possibly be done without the presence of all three parties in one suit. It is the motion for a preliminary injunction which is the subject of this opinion.

■ The power of a federal court to enjoin state court proceedings is limited to the exceptions outlined in 28 U.S.C. § 2283, which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment."

■■ The plaintiff contends that we should enjoin the state court proceeding because such an injunction is necessary in aid of our jurisdiction, thus satisfying the second exception mentioned by the statute. Generally, if there are two *in personam* actions, as we have here, and the state and federal courts have con-

current jurisdiction, no injunction may be issued under this exception. Instead, both courts proceed with the litigation, and the decision of the court which renders judgment first may be set up as *res judicata* in the other suit. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

But Fuller argues that we have a special case here because of the difficulty of the situation in which it finds itself. Part of the sum sought by Coastal Plains in the Texas state court is claimed because of delays in approving the plans, drawings and designs; but such delays may really be the fault of the Dock Board, against which Fuller would have to seek to recover any sum it would be compelled to pay Coastal Plains in a separate proceeding. If 28 U.S.C. § 2283 granted United States District Courts the right to issue injunctions against state court proceedings whenever necessary for the furtherance of justice and equity, perhaps Fuller's argument would have some merit. However, § 2283 gives no such power to the federal courts, and we fail to see how an injunction issued for this reason would serve to aid our jurisdiction in this case.

█ Fuller's final argument is based on the fact that it has asked for declaratory judgments in addition to money judgments. It points out that the Fourth Circuit Court of Appeals advised the district court to issue an injunction in a declaratory judgment proceeding in American Insurance Company v. Lester, 214 F.2d 578 (4th Cir., 1954). But this case involved a much more complex situation than the one with which we are faced here. In the *Lester* case, twenty-four fire insurance companies brought a declaratory judgment suit against a lessor and lessee, both of whom had insured a coal tipple which had subsequently burned. Now the insurance companies wanted to know which of them were liable and the amount which each defendant was entitled to recover. Meanwhile, the lessor and lessee had several suits against the insurance companies in state court on the same question. The Fourth Circuit Court of Appeals advised the district court that it should issue the injunction against the state court proceedings because it could not possibly effectively declare the rights of the parties in this complex situation if there were other suits pending on the same subject matter. For this reason its jurisdiction in the declaratory judgment proceeding would be greatly aided by such injunctions.

But the situation now before us is not so complicated. Only three parties are involved, and this is the type of suit which normally consists of claims and counterclaims for money judgments. This situation is not nearly as complex as the one involved in the *Lester* case.

Furthermore, the *Lester* case is the exception rather than the rule. "Normally * * * a federal court having jurisdiction of a declaratory judgment action should not enjoin state court proceedings. And no power to grant such injunctive relief can be created by casting a law suit as an action seeking both a declaratory judgment and an injunction." 1A Moore's Federal Practice, ¶ 0.-220, at 2604. In Ballard v. Mutual Life Insurance Company of New York, 109 F.2d 388, 390 (5th Cir., 1940), the Fifth Circuit Court of Appeals refused to allow an exception to 28 U.S.C. § 2283 because a declaratory judgment was sought:

"The final question is whether the appellee had the equitable right to enjoin the further prosecution of the two cases in the state courts, both of which had been filed before the action for a declaratory judgment was instituted in the federal court. We think not, because the Declaratory Judgments Act gives a concurrent or cumulative remedy, not an exclusive one; and it did not engraft another exception on the statute which imposed a limitation upon the general equity powers of the federal courts with reference to en-

joining proceedings in state courts. This statute serves a good purpose, and should not be whittled away with exceptions."

■ 28 U.S.C. § 2283 is not to be applied indiscriminately to every case in which it is invoked by one of the parties. In Williamson v. Puerifoy, 316 F.2d 774, 775 (5th Cir., 1963), the Fifth Circuit Court of Appeals said "It is perfectly plain that Section 2283 of Title 28, United States Code, denies jurisdiction to a federal court to enjoin proceedings in a State court except in unusual circumstances * * *." It is clear to us that we do not have such unusual circumstances in this case.

For the foregoing reasons, it is ordered that the plaintiff's motion for a preliminary injunction be denied.