STEVENS *v.* N. Z. GRAVES CORPORATION.

LANG *v.* SAME.

1. CONTINUANCE — ILLNESS OF WITNESS—DISCRETION OF COURT—
ABUSE OF DISCRETION.
   Where the conduct of defendants' counsel was not such as
   to inspire a belief in the mind of the court that they in-
   tended to make a good-faith defense on the merits, the
   denial of a continuance on an oral application on the
   ground that defendants' president was ill, *held*, not an
   abuse of discretion.

2. SAME—NOT A MATTER OF RIGHT.
   The allowance of a continuance on account of the illness
   of a party or an important witness is not a matter of
   right, but rests in the sound discretion of the court.

Error to Wayne; Webster (Clyde I.), J. Submitted
April 9, 1920. (Docket Nos. 33, 34.) Decided June
7, 1920.

Separate actions of assumpsit in justice's court by
Albert I. Stevens and Edward P. Lang against N. Z.
Graves Corporation and another for services ren-
dered. There were judgments for plaintiffs by de-
fault, and defendants appealed to the circuit court
where the cases were consolidated. Judgments for
plaintiffs. Defendants bring error. Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for appellants.

*Sherman D. Callender,* for appellees.

BIRD, J. Both of these cases were begun in jus-
tice's court. Inasmuch as both were dependent upon
the same state of facts they were, by agreement of
counsel, tried together in the circuit court and judg-

Continuance because of illness of party, see note in 42 L. R. A.
(N. S.) 660.

ments followed for the plaintiffs. The cases are here for review on complaint of defendants that the trial court was in error in refusing a continuance therein on their application.

The record discloses that the cases were at issue in justice's court on May 24, 1918. Six adjournments followed on the representation of counsel that defendants desired to bring witnesses from the east to testify therein. Later counsel appeared to have agreed that there was something due plaintiffs, but they were unable to agree on the exact amount. On August 26, 1918, judgment by default was taken against defendants and in favor of Stevens for the sum of $464.51, and one in favor of plaintiff Lang for $460.34. On August 31st defendants appealed therefrom to the circuit court and the cases were on the docket for the June term of the circuit court. When reached defendants' counsel requested a continuance on the ground that N. Z. Graves could not be present. This was finally agreed to by plaintiffs' counsel on condition that the cases should be disposed of in the September term of court without further adjournments. When the cases were reached at the September term defendants' counsel made an oral application for a continuance on the ground that N. Z. Graves, president of the defendants, was ill. No affidavit was filed, nor showing made except the statement of counsel. The motion was denied and the cases were heard by the court without the aid of a jury, and judgments rendered therein. Subsequently a motion was made for a new trial because of the denial of the motion for continuance, and affidavits were then filed showing the illness of N. Z. Graves, but this motion was denied.

We think there is nothing in the history of these cases upon which we could base a holding that the trial court had abused its discretion in denying the application for continuance. The conduct of defend-

ants' counsel, from the inception of the cases in justice's court up to the time of taking judgment in the circuit court was not such as to inspire a belief in the mind of the court that they intended to make a good-faith defense on the merits. Ordinarily the first application for continuance on account of the illness of a party, or an important witness, is given careful consideration by the courts, but even the allowance of the first application on account of illness is not a matter of right, but rests in the sound discretion of the court. *People* v. *Eamaus*, 207 Mich. 442.

Finding no abuse of discretion on the part of the trial court, the judgments must be affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.