GOLDSTEIN *v.* GOLDSTEIN.

DISMISSAL AND NONSUIT—ABUSE OF DISCRETION.

> Denial of reinstatement of wife's suit for separate maintenance after dismissal without adjudication on merits of case, on plaintiff's failure to appear, was not abuse of discretion.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 12, 1932. (Docket No. 83, Calendar No. 36,272.) Decided June 6, 1932.

Bill for separate maintenance by Minnie Goldstein against Abraham B. Goldstein. Cross-bill by defendant for divorce. Bill dismissed. Motion to set aside decree and reinstate cause denied. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher* (*William H. Kaplan,* of counsel), for plaintiff.

*Miller, Baldwin & Boos,* for defendant.

WIEST, J. Plaintiff filed a bill for separate maintenance. The case being at issue, it was placed on the assignment call by the executive judge. Plaintiff applied for a continuance on the ground of sickness, and submitted the affidavit of a physician stating that she was suffering from arthritis, preventing her from "the exertion of attendance at court, and taking part in any extensive lawsuit for at least a period of one week." Defendant's counsel suggested the advisability of having another physician examine plaintiff, and an examination was so made, and, by affidavit, it was shown that "there was no evidence of arthritis and no evidence of swelling of the joints," and that plaintiff was suffering only

from a slight cold and septic sore throat. Defendant also filed an affidavit stating that the evening before plaintiff's application for a continuance she traveled three miles and met him at the home of friends and talked with him for upward of two hours.

The executive judge refused the continuance, and assigned the case to another judge for immediate hearing. Under local court rules the application for continuance had to be made to the executive judge previous to the time the case had reached a certain point on the assignment call.

Plaintiff renewed her application for a continuance before the trial judge, and it was again denied. Thereupon, plaintiff not being present with her witnesses and no proof being offered and defendant withdrawing his cross-bill, the bill was dismissed.

Defendant was anxious to have the case disposed of because he had an opportunity to obtain employment in New York, and, upon dismissal of the case, he went to New York.

Plaintiff petitioned the court to set the decree aside and reinstate the case, alleging her inability, on account of sickness, to attend the hearing. Further affidavits and counter-affidavits were filed, and the petition was denied.

Plaintiff reviews by appeal in the nature of mandamus, contending that the denial of reinstatement was an abuse of discretion. An examination of the proceedings fails to disclose an abuse of discretion. There has been no adjudication upon the merits of the case.

The order appealed from is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.