BANTA v. SERBAN.

1. DISMISSAL AND NONSUIT—NONAPPEARANCE OF PLAINTIFF OR COUN-
SEL WHEN CASE CALLED FOR TRIAL.
    A trial court has power to dismiss an action upon the unexcused
    absence of plaintiff and his counsel when the case is called
    for trial.

2. SAME—NOTICE OF TRIAL—CONTINUANCE—NONAPPEARANCE.
    It was not error for trial court to dismiss action when case
    was called, where plaintiff's counsel had ample notice of the
    impending trial, had failed to move for a continuance, and
    neither plaintiff nor his counsel were present when case was
    called.

3. APPEAL AND ERROR—APPENDIX—RECORD.
    Undated affidavit in appellant's appendix could not be considered
    on appeal, where it was not a part of the original record on
    appeal from the trial court.

4. DISMISSAL AND NONSUIT—REINSTATEMENT—DISCRETION OF COURT
—RECORD.
    The trial judge did not abuse his discretion in refusing to set
    aside order of dismissal that had been entered when neither
    plaintiff nor his counsel were present as case had been called
    for trial and record on motion for reinstatement offered no
    proof to excuse or explain such absences.

Appeal from Genesee; Parker (Donn D.), J.  Sub-
mitted April 2, 1963.  (Calendar No. 7, Docket No.
49,257.)  Decided June 3, 1963.

Case by Harry Banta against Steve Serban for
personal injuries.  Action dismissed upon failure
of plaintiff to appear at trial date.  From denial of
motion to reinstate case, plaintiff appeals.  Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4]  17 Am Jur, Dismissal, Discontinuance, and Nonsuit § 1 et
    seq.

*John T. Vojdik* (*Richard C. Fruit,* of counsel), for plaintiff.

*Ransom & Fazenbaker* (*Robert B. Norgren,* of counsel), for defendant.

Souris, J.   Plaintiff's declaration alleged a cause of action for negligent injury.   Following a pretrial conference, the case was placed ˙on the term docket for trial and, in due course, it was called for trial in March of 1961.   Neither plaintiff nor his counsel being in court when the case was called for trial, the trial judge dismissed it.   Plaintiff's subsequent motion for reinstatement, supported by his counsel's affidavit, was denied after hearing.

We have recognized the inherent power of a court to control the movement of cases on its docket by a variety of sanctions including dismissal, discontinuance, or involuntary nonsuit even when requests for continuances are timely made and, lacking persuasive merit, are denied.   *Stevens* v. *N. Z. Graves Corp.,* 210 Mich 585; *Goldstein* v. *Goldstein,* 259 Mich 300; *Reed* v. *Burton Abstract & Title Company,* 344 Mich 375; and *Andrews* v. *Roberts,* 366 Mich 620. It necessarily follows that a trial court has power to dismiss an action upon the unexcused absence of plaintiff and his counsel when the case is called for trial.

At the subsequent hearing on plaintiff's motion for reinstatement, the trial judge commented that when it was discovered that plaintiff and his counsel were not present when the case was called for trial, he called counsel's office and was advised by a secretary that she was uncertain where counsel was, but believed he was then in Lansing.[1]   Under the circum-

───────────

[1] Plaintiff's appendix contains an undated "affidavit" suggesting that the information obtained from the secretary was misunderstood and that plaintiff's counsel was in fact at the secretary of State's

stances disclosed by this record, plaintiff's counsel having had ample notice of the impending trial and having failed to move for continuance, the trial court did not err in dismissing the action.

Nor do we believe the record made on plaintiff's motion for reinstatement would justify our reversal of the trial judge's refusal to set aside the dismissal and reinstate the cause. The motion, prepared as an affidavit by counsel, refers to prior failures to comply with the pretrial order (including plaintiff's failure to answer affirmative defenses pleaded by defendant), settlement efforts between counsel, and difficulties encountered in communication between nonresident plaintiff and his counsel. However, nothing contained in the affidavit explains plaintiff's or counsel's absence from court on the trial date, for which absences the case was dismissed, nor was there an offer of proof at the hearing on the motion for reinstatement to excuse or explain their absences.

Very few cases have been presented to this Court for review of dismissals for failure of plaintiffs to respond to trial calls, and perhaps the infrequency of such appeals would justify our conclusion that such dismissals rarely occur. That they should rarely occur is obvious, but it is equally obvious to us that trial judges must be empowered to invoke such drastic sanction if judicial control of trial dockets is to be retained.[2] When continuances are ·timely sought, normally they should be granted, but only upon showing of meritorious cause. When parties fail to appear for trial, after due notice to counsel, as was in fact given in this case, trial judges should

office in Flint. The affidavit is not part of the original record from the trial court and, thus, could not be considered on appeal even if its contents disclosed sufficient justification for the failure of plaintiff and his counsel to appear for trial.

[2] The problem and its solution are not unique to State courts. See *Esteva* v. *House of Seagram, Inc.* (CCA 7), 314 F2d 827.

order dismissal, enter default judgment or grant other appropriate relief subject,[3] of course, to subsequent vacation in the event such absence is proved unavoidable or otherwise excusable and justice so requires.    There being a complete failure of such showing in the case at bar, we cannot say the trial judge abused his discretion by failing to set aside his order of dismissal.

Affirmed.    Costs to defendant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SMITH, and O'HARA, JJ., concurred.

[3] For express authorization by court rule, since January 1, 1963, see GCR 1963, 504.2 and 520.1.