CAVATAIO *v.* CITY-WIDE CLEANERS AND DYERS, INC.

1. DISMISSAL AND NONSUIT—DISCRETION.

   Granting or denial of a nonsuit is a matter of the sound discretion of the trial judge; therefore when a party fails to appear for trial, after due notice to counsel, a trial judge may order dismissal, enter default judgment or grant appropriate relief, subject to subsequent vacation in the event such absence is proved unavoidable or otherwise excusable and justice so requires.

2. DISMISSAL AND NONSUIT—NONAPPEARANCE—DISCRETION.

   A trial judge did not abuse his discretion in refusing to set aside an order of dismissal that had been entered when neither plaintiff nor his counsel were present at the time set for trial, and plaintiff and his counsel were not ready to proceed to trial three days after a hearing at which the trial judge, on plaintiff's motion to set aside the judgment of no cause of action and the order of dismissal, stated that he would set aside the adverse judgment and order if plaintiff would appear, with counsel ready for trial three days later (GCR 1963, 504.1[2]).

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 7,126.) Decided April 28, 1970. Leave to appeal denied July 21, 1970. 383 Mich 806.

Complaint by Peter Cavataio against City-Wide Cleaners and Dyers, Inc., Wide-City Cleaners and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 53, 57, 59.

[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 59, 61, 67.

Dyers, Inc., Julian Cavataio, and William Cavataio, personal representative of the estate of Dominick Cavataio, deceased, for return of corporate stock. Judgment of no cause of action and action dismissed with prejudice. Plaintiff's motion to set aside the judgment denied. Plaintiff appeals. Affirmed.

*Franklin & Harris,* for plaintiff.

*Irving Tukel,* for Wide-City Cleaners and Dyers, Inc.

*Joseph N. Impastato,* for defendants except Wide-City Cleaners and Dyers, Inc.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

T. M. Burns, P. J.   Plaintiff instituted proceedings in Wayne County Circuit Court on September 22, 1965 in which he sought the return of corporate stock which he claimed was wrongfully withheld by defendants.   At about 10:22 a.m. on February 4, 1969, the case in question was assigned to the Honorable Theodore R. Bohn for trial.   Defendants were present for trial, but neither the plaintiff nor his attorney were there.   Circuit Judge Bohn attempted to telephone plaintiff's counsel, but was told by counsel's secretary that she did not know where he was.   At 12:30 p.m., on February 4, 1969, the case was adjourned until 2 p.m.   Additional phone calls were made to plaintiff's counsel's office, but without success.   At about 2:25 in the afternoon, defendants proceeded and submitted certain proofs and subsequently judgments for no cause of action were entered against plaintiff, and an order to dis-

miss with prejudice was entered.  GCR 1963, 504.1 (2).

On February 6, 1969, plaintiff moved to set aside the judgment of no cause of action and the order to dismiss with prejudice.  An affidavit of plaintiff's counsel, Gerald M. Franklin, was filed.  This document stated that Mr. Franklin had no notice during February that the instant proceeding was assigned for trial to Judge Bohn.  It also stated that on the date in question, Mr. Franklin was conducting a preliminary hearing in a criminal court at the same time as the proceedings in question were moving forward. The affidavit went on to state that since Mr. Franklin had a notion that the case might be set for trial on February 4, 1969, he had arranged for Sherwin Schreier to handle the case as counsel, and that Mr. Schreier was in fact ready to proceed.  In addition, Mr. Franklin's secretary denied ever receiving a call from the Wayne circuit court at the time claimed.

The motion to set aside was heard by Judge Bohn on February 21, 1969.  Mr. Franklin was not present; in his place, Mr. Varga appeared and argued the points set forth in the affidavit.  Mr. Schreier was present, but stated to the court that he had not filed an appearance in the case and requested two weeks adjournment to prepare for trial.  Judge Bohn, at this point, adjourned the motion to February 24, 1969, and stated that he would set aside the judgments and order if plaintiff appeared and was ready for trial.

On February 24, 1969, plaintiff and Mr. Schreier appeared as well as defendants and their counsel. Mr. Franklin and Mr. Varga were not present.  Mr. Schreier informed Judge Bohn that he had not filed an appearance and was not ready to proceed.  At this point, Judge Bohn denied plaintiff's motion to

set aside the judgment of no cause of action and order of dismissal with prejudice.

The issue is, of course, whether the circuit court abused its discretion in entering the judgment of no cause of action and order dismissing with prejudice.

The granting or denial of a nonsuit is a matter of the sound discretion of the trial judge. *Banta* v. *Serban* (1963), 370 Mich 367; *Glazer* v. *Silber* (1956), 344 Mich 635; *Bettendorf* v. *F. W. Woolworth Company* (1951), 329 Mich 409; *Roberson* v. *Thomas* (1968), 13 Mich App 384.

Plaintiff charges that the lower trial court abused its discretion in that the court acted in a state of emotion and not in accordance with the application of law. In support of these assertions, plaintiff cites *Denton* v. *Pettycrew* (1965), 374 Mich 454. A review of that case, however, discloses that the Court's decision there was based solely on violation of a local court rule. *Denton* v. *Pettycrew, supra,* p 457. We are not presented with that situation here, but are instead presented with a situation more like *Banta* v. *Serban, supra,* where the Court upheld the dismissal since the appellant had failed to prove an abuse of discretion.

We are bound by the decision of the Court in *Banta* v. *Serban, supra,* wherein it said at pp 369, 370:

"Very few cases have been presented to this Court for review of dismissals for failure of plaintiffs to respond to trial calls, and perhaps the infrequency of such appeals would justify our conclusion that such dismissals rarely occur. That they should rarely occur is obvious, but it is equally obvious to us that trial judges must be empowered to invoke such drastic sanction if judicial control of trial dockets is to be retained. When continuances are timely sought, normally they should be granted, but only upon showing of meritorious cause. When parties fail to appear for trial, after due notice to coun-

sel, as was in fact given in this case, trial judges should order dismissal, enter default judgment or grant other appropriate relief subject, of course, to subsequent vacation in the event such absence is proved unavoidable or otherwise excusable and justice so requires. There being a complete failure of such showing in the case at bar, we cannot say the trial judge abused his discretion by failing to set aside his order of dismissal." (Footnotes omitted.)

The facts in the present case are such that we are constrained to find no abuse of discretion in the trial court's order of dismissal.

Affirmed.

All concurred.