MUSCIO v MUSCIO

1. JUDGMENT—DEFAULT JUDGMENT—COURTS—AUTHORITY—TRIAL—
   FAILURE TO APPEAR—COURT RULES.
   A trial court possesses the authority to grant a default judgment
   where a party to an action fails to attend trial (GCR 1963,
   506.6[2]).

2. JUDGMENT—DEFAULT JUDGMENT—APPEAL AND ERROR—ABUSE OF
   DISCRETION—DEFECTS—TRIAL—FAILURE TO APPEAR—REASONA-
   BLE BASIS—ASSUMPTION.
   A default judgment will not be disturbed on appeal absent a clear
   showing of abuse of the trial court's discretion in granting it,
   and where there were no allegations of any defects or irregular-
   ities in the proceedings and no reasonable basis was adduced
   for a plaintiff's assumption that a trial would be postponed,
   there was no abuse of discretion in granting a default judgment
   where the plaintiff failed to appear for trial.

3. DIVORCE—JUDGMENT—DEFAULT JUDGMENT—MANIFEST INJUSTICE—
   SUBSTANTIVE ISSUES—PROPERTY SETTLEMENT.
   No manifest injustice results from a default judgment of divorce
   where the only substantive issue in dispute concerns the divi-
   sion of property made by the court and the record indicates
   that the court arrived at a settlement which was fair and
   equitable to both parties.

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 2 April 11, 1975, at Lansing.
(Docket No. 20346.) Decided June 12, 1975. Leave
to appeal applied for.

Complaint by Natalie Jane Muscio against Peter
Robert Muscio for divorce. Counter-complaint by

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Judgments §§ 1166, 1168.
[3] 24 Am Jur 2d, Divorce and Separation § 425 *et seq.*

defendant. Default judgment for defendant. Plaintiff appeals. Affirmed.

*Dunn & Dunn,* for plaintiff.

*Law Offices of Paul G. Valentino, J. D., P. C.,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals from the trial judge's refusal to set aside a default judgment entered when plaintiff and her counsel failed to appear for trial.

Plaintiff instituted an action for divorce in 1970, with defendant filing a counter-complaint shortly thereafter. The lower court record indicates that the parties engaged in a protracted period of litigation with a rather frequent exchange of allegations and accusations. All efforts to negotiate a settlement were in vain.

The case had been set for trial a number of times previously and a final date for trial was set for March 25, 1974. Plaintiff's counsel had several subpoenas issued for witnesses to appear at the appointed time. While the trial court was busy on other matters, a final effort to negotiate the dispute was held during the morning of March 25, 1974. Both parties and their attorneys were present during this negotiating session, which lasted almost four hours. When the negotiations ended in failure at approximately 12:20 p.m., defendant and his counsel understood that a trial of the matter would commence as scheduled at 1:30 p.m. that afternoon. They appeared before the trial judge at the appointed time, and after waiting approximately 40 minutes in vain for plaintiff and her

counsel to appear, defendant put in his proofs and was granted a default judgment of divorce by the trial court.

Plaintiff and her counsel claim that following the termination of negotiations on March 25, 1974, they were advised by a young lady, whom they could not identify, in the trial judge's office that the trial had been adjourned until further notice. No effort was made to verify this information with either the trial judge or with defendant and his counsel. Nor did they check back at the courtroom at the appointed hour for trial.

There can be no question that the trial court possessed the authority to grant a default judgment under the circumstances present here. GCR 1963, 506.6(2) reads in pertinent part: "If the person who fails to attend * * * is a party to the action, the court may * * * enter a judgment by default against that party."

Having found the existence of authority to grant a default judgment in this situation, it is necessary to determine if discretion was properly exercised, and if manifest injustice may result if the default judgment stands. There has been no allegation of any defects or irregularity in the proceedings. We reject plaintiff's contention that there was a reasonable basis for failure to be present at trial because of information allegedly provided by a young lady in the trial judge's office. Plaintiff and her counsel were present in the courtroom all morning engaging in negotiations. The record indicates that the matter would be tried on March 25, 1974, in the event that a settlement was not reached. On the record before us, we find no reasonable basis for plaintiff's assumption that the trial would be postponed until further notice.

A careful review of the record also convinces us

that no manifest injustice will result if the default judgment stands. The only substantive issue in dispute concerns the division of property made by the court, and the record indicates that the court arrived at a settlement which was fair and equitable to both parties.

A default judgment will not be disturbed on appeal absent a clear showing of abuse. *Seifert v Keating,* 344 Mich 456; 73 NW2d 894 (1955), *Rhodes v Rhodes,* 3 Mich App 396; 142 NW2d 508 (1966). No such showing is made here.

Affirmed. Costs to appellee.