BUTLER v CANN

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—MERITORIOUS DEFENSE—BASTARDS—PATERNITY—DISCRETION—AFFIDAVITS—COURT RULES.

> The question of whether a meritorious defense has been established is within the discretion of the trial judge where he rules upon a motion to set aside a default judgment, and a finding that a defendant's affidavit seeking to set aside a default judgment of filiation did not satisfy the applicable court rule was not an abuse of the court's discretion where the affidavit denied paternity but did not state any facts to support that conclusion (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—DISCRETION.

> Refusal to set aside a default judgment of filiation is not an abuse of the court's discretion where no showing of a meritorious defense was made and the defendant did not show good cause for failing to appear at the trial.

3. BASTARDS—PATERNITY—STATUTES—JUDGMENT—DEFAULT JUDGMENT—TRIAL—FAILURE TO APPEAR—WARRANT—COURT RULES—PARI MATERIA.

> A court may issue a summons or warrant for arrest of a defendant who fails to appear at a paternity trial after being served with a summons and notice of trial, but the court is not precluded from granting a default judgment of filiation against the defendant if the default is duly taken; two statutes to this effect are *in pari materia* and are to be read together. (MCLA 722.714, 722.717, GCR 1963, 730.1).

4. JUDGMENT—DEFAULT JUDGMENT—BASTARDS—PATERNITY—TRIAL—FAILURE TO APPEAR—COURT RULES.

> A trial court has authority to enter a default judgment against a defendant in a paternity suit where the defendant fails to appear for trial after having been notified of the scheduled trial

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judgments §§ 708, 776, 780, 784.
[3, 4] 47 Am Jur 2d, Judgments § 1173 *et seq.*

both by regular mail and by registered mail and personally by the trial court at the pretrial hearing (GCR 1963, 506.6 [2]).

Appeal from Kent, Stuart Hoffius, J. Submitted June 3, 1975, at Grand Rapids. (Docket No. 21106.) Decided July 22, 1975.

Complaint by Deborah A. Butler against Charles E. Cann for an order of filiation under the paternity act. Default judgment for plaintiff. Defendant appeals by leave granted. Affirmed.

*Harold S. Sawyer,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Assistant Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for plaintiff.

*Joel S. Whetstone,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. The defendant, Charles Cann, has appealed by leave of this Court from an order entered by Kent County Circuit Judge Stuart Hoffius, denying the defendant's motion to set aside a default judgment of filiation.

On April 24, 1973, the plaintiff, Deborah Butler, filed a complaint for an order of filiation under the paternity act against the defendant. On the same date a summons was prepared requiring the defendant to appear in person to enter a plea regarding the complaint against him.

An order was prepared requiring the defendant to appear for blood tests. The defendant did so appear and blood tests were taken. However, because of a delay in the delivery of the blood, the specimens could not be properly analyzed. A second blood test was ordered and the defendant

appeared and had blood samples taken. The results of these tests were as follows: "These results fail to demonstrate a paternal exclusion but do show that Charles Edward Cann could be the father of the child, Darryl Butler."

A pretrial conference was held on December 11, 1973. The defendant appeared at this conference. The trial was scheduled for December 26, 1973. The defendant failed to appear and, after taking testimony, the Court found the defendant to be in default and ordered that the defendant make support payments in the amount of $15 a week and hospital and doctor payments in the amount of $2.50 each week. An official order for this purpose was entered on January 10, 1974.

On February 15, 1974 the defendant filed a motion to set aside the default judgment against him.

On May 2, 1974 a hearing was held on the defendant's motion to set aside the default. The defendant's mother, Mildred Witherspoon, testified that she received a registered letter in December of 1973 and called the defendant and read it to him. She stated that only a yellow sheet of paper was in the letter indicating that there was a pretrial conference to be held on December 11, 1973. She testified that the defendant then picked up the letter because he lived on Hollister and not at home.

The defendant testified that he resided at 334 Hollister. He stated that he got married in June and moved to the Hollister address in June. He testified that his mother told him about the letter requesting him to appear at a pretrial conference. He stated further, however, that he had never been informed of the trial date. He denied being the father of Miss Butler's child.

The court indicated that the first time that the defendant had appeared before him he had told the judge that he had given the plaintiff $20 for expenses. The defendant denied this. The court also indicated that the blood test had not eliminated the defendant.

James Dykema, the Court Clerk, testified that two envelopes were mailed to the defendant at 616 Oakdale, Southeast. He stated that one was mailed return receipt requested and the other was mailed by ordinary mail. He indicated that it was his practice to put both the notice of pretrial and the notice of trial in the same envelope. He indicated that these were on separate sheets of paper and that the notice of pretrial was yellow and the notice of trial was pink.

The judge entered an oral opinion onto the record. He indicated that he had spoken to the defendant when the defendant responded to the summons and that the defendant had told him that he had given the plaintiff $20 after the child was born although he claimed "another boy was 'messing around too' ". The judge also indicated that a notation in the file in his own handwriting on the notice for pretrial conference stated, "[d]efendant here and warned about no adjournments". He also indicated that it was his policy to always "direct trial dates" and "tell the defendant we will not grant an adjournment if an attorney comes in at the last minute" at the pretrial conference. The court then stated that in light of the fact that the defendant did not claim any more than he had a "meritorious defense"; the fact that the clerk had sent out two notices, one by registered mail and one by ordinary mail; the fact that it was the practice of the clerk's office to put both the pretrial and trial notices in the same envelope; the

fact that he had denied to the court under oath that he had ever told the court that he had paid $20; the fact that he only did deny paternity and not intercourse; and the fact that the blood test had failed to eliminate him, he was denying the defendant's motion to set aside the default.

An order to this effect was filed on May 15, 1974.

Defendant raises the following issues which we discuss and determine.

## I

*Did the trial judge abuse his discretion by failing to set aside the default judgment?*

GCR 1963, 520.4 deals with setting aside a default judgment. It reads in relevant part:

> "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. * * * *A proceeding to set aside default or a default judgment,* except when grounded on want of jurisdiction over the defendant, *shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."* (Emphasis supplied.)

2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 662–663, makes it clear that a default judgment may be set aside by the trial court only if the defendant shows (1) good cause and (2) a meritorious defense:

> "A proceeding to set aside a default or a default judgment, except when grounded on want of jurisdiction over the defendant, may be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. Sub-rule 520.4. Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the

proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.

\* \* \*

"The new rule, \* \* \* literally requires an affidavit of facts showing a meritorious defense in every case except when the motion to set aside a default is grounded on want of jurisdiction over defendant. Sub-rule 520.4. This is in keeping with the underlying spirit of the new rules, that errors in procedure will vitiate judicial action only if the substantial rights of the parties have been prejudiced thereby. See Rules 13, 110.3, and 529.1. Thus, if the court had jurisdiction over defendant, even though there may have been a clear defect or irregularity in the proceedings leading up to the default, if the defendant has no basis upon which to make a defense against the action, no substantial injustice was done by entry of the default judgment and it may not be set aside."

The cases also make it clear that *both good cause and a meritorious defense* must be shown before a default judgment can be set aside. In *Asmus v Barrett*, 30 Mich App 570, 574; 186 NW2d 819, 821–822 (1971), this Court stated:

"[A] default 'may' be set aside only when three conditions are all fulfilled. First, good cause for failure to make timely response must be shown. Second, a meritorious defense must be established. Third, the showing of a meritorious defense must be based on an 'affidavit of facts'. GCR 1963, 520.4. Whether these three conditions are fulfilled is a matter within the discretion of the trial judge. *Walters v Arenac Circuit Judge*, 377 Mich 37, 47 [138 NW2d 751, 754] (1966), *Freeman v Remley*, 23 Mich App 441 [178 NW2d 816] (1970)."

In *Milinsky v Schmidt, Ellis & Associates, Inc*, 48

Mich App 192, 194; 210 NW2d 367, 368 (1973), this
Court stated:

"As no question of jurisdiction was raised in these
proceedings, it was incumbent upon the defendant to
show good cause for setting aside the default *and* to file
the requisite affidavit of facts showing a meritorious
defense." (Emphasis supplied.)

See *Albro Leasing, Inc v Sylvester,* 40 Mich App
227; 198 NW2d 437 (1972).

The defendant argues that his failure to receive
any notice of the trial date constitutes "good
cause". He further argues that a meritorious de-
fense was shown in his affidavit. It appears, how-
ever, that the defendant failed to satisfy both the
"good cause" and the "meritorious defense" re-
quirements.

Although the defendant argues that he never
did receive notice of the trial, Judge Hoffius found
that he did receive this notice. He based this
finding on the testimony that the notices were sent
both by regular mail and by registered mail. He
also based this finding on a statement in his own
handwriting in the record indicating that he had
warned the defendant that he could have no ad-
journments on the trial date. This finding seems
clearly to be within the discretion of the trial
court. See *Asmus v Barrett, supra.* Thus, the de-
fendant did not show "good cause".

On February 15, 1974, the defendant's counsel
filed a motion to set aside the default judgment. In
this motion the defendant's attorney alleged that
the defendant had a "meritorious defense". At-
tached to this motion was an affidavit of the
defendant. In this affidavit the defendant stated,
"That he is not the father of Darryl Lamar But-
ler". The trial judge found that this did not consti-

tute a sufficient showing of meritorious defense. He noted that the defendant stated only that he was not the father of Darryl Lamar Butler but did not deny having intercourse with the plaintiff or give any other facts which would tend to support this conclusion.

The question of whether or not a meritorious defense has been established is a question within the discretion of the trial judge. See *Asmus v Barrett, supra.* The cases indicate that the trial judge did not abuse his discretion by finding that the defendant had not shown a meritorious defense. In *Hartman v Roberts-Walby Enterprises, Inc,* 17 Mich App 724, 730; 170 NW2d 292, 295 (1969), Judge LEVIN addressed the question of whether or not the meritorious defense requirement of GCR 1963, 520.4 had been satisfied:

"GCR 1963, 520.4 provides that a motion to set aside a default judgment shall be granted only if 'an affidavit of *facts* showing a meritorious defense is filed.' (Emphasis supplied.) The trial judge was not obliged to accept the affidavit of the tavern owner's officer which, although made on personal knowledge, contained only the conclusory statement that the tavern owner did not violate the dramshop act in respect to the plaintiff's husband.

"The function of the affidavit is to provide the judge with information so that he can determine whether the defaulted defendant has a meritorious defense. The judge in this case could hardly have been enlightened on that issue by the tavern owner's conclusory affidavit which did not contain a single supporting factual assertion and which, indeed, beyond its general denial of liability, did not even state the nature of the defense. The tavern owner's affidavit was not an 'affidavit of *facts.*'" (Footnotes omitted.)

In the case at bar the defendant's denial of paternity seems to be no more than a conclusion. The

defendant could have denied having intercourse or he could have alleged that there were other people who had also had intercourse with the plaintiff. It cannot be said that the trial court abused his discretion by finding that the defendant's affidavit did not satisfy the court rule.[1]

The trial judge did not abuse his discretion by refusing to set aside the default judgment. No showing of a meritorious defense was made and the defendant did not show "good cause" for failing to appear at the trial.

## II

*Is a default judgment appropriate when a defendant in a paternity action fails to show up at trial?*

The defendant argues that the paternity act indicates that the court applied the wrong sanction by granting a default judgment when the defendant failed to show up at the trial. The defendant argues that under MCLA 722.714; MSA 25.494, the court was required to issue a warrant for the defendant's arrest instead of granting a default judgment against him.

A review of the court rules and the paternity act make it clear that while the court may issue a

---

[1] *See also Milinsky v Schmidt, Ellis & Associates, Inc,* 48 Mich App 192, 196; 210 NW2d 367, 369 (1973), where this Court said:

"In addition, the setting aside of a default judgment requires the presentation by affidavit of a meritorious defense. None of the affidavits submitted by defendant and his attorney contain anything which might properly be regarded as a meritorious defense. The affidavits contain only general statements with vague and unsupported charges that the plaintiffs have made false and fraudulent allegations, that there is a lack of consideration, and that any agreements existing between plaintiffs and defendants were executed under duress. However, the affidavits substantiate none of these charges. The trial court properly found that the defendants presented no meritorious defense in their two motions to have the default judgment set aside."

summons or warrant for the defendant's arrest when he failed to show up at the trial, this did not preclude the court from granting a default judgment against the defendant. GCR 1963, 730.1 pertains to actions under the paternity act. It provides in relevant part: "The procedure in actions under the Paternity Act shall be in accordance with Rule 730, *and the general court rules which are not in conflict with the provisions of the Paternity Act."* (Emphasis supplied.) The paternity act clearly provides that a default judgment is an appropriate remedy. MCLA 722.717(a); MSA 25.497(a), clearly indicates that an order of filiation and an order for support can be entered by default judgment:

"If the finding of the court or verdict be against the defendant, or if the defendant acknowledges paternity orally to the court or by the filing in the case of his written acknowledgment of paternity, or *if he is served with summons or a warrant and a default is duly taken against him,* the court shall make an order of filiation declaring paternity and for the support and education of the child." (Emphasis supplied.)

In the case at bar the defendant was served with a summons at the beginning of the action and a default was taken against him for failing to show up at his trial.

Statutes *in pari materia* are to be read together. The requirement of MCLA 722.714; MSA 25.494, that the court may issue a summons or warrant for the defendant's arrest if he fails to show up at the trial can be read in conjunction with MCLA 722.717; MSA 25.497, which indicates that a default judgment is an appropriate remedy. These two statutes read together simply give the court the power to issue a warrant for the defendant's

arrest as well as to grant a default judgment against him. One remedy does not necessarily exclude the other. The purpose of the arrest warrant is obviously to make sure that the defendant does not flee the jurisdiction. The statutory provisions do not in any way preclude the entering of a default judgment.

## III

*Is reversal required by the failure of the defendant to receive seven days notice of the hearing on the affidavit?*

Defendant claims that the default judgment was improper because he did not receive a required 7-day notice as set forth in GCR 1963, 520.2(2). We point out that this court rule has no application to the particular facts in this case. This is true because the facts in the instant case are similar to the facts in *Advance Dry Wall Co v Wolfe-Gilchrist, Inc,* 14 Mich App 706, 713; 165 NW2d 906, 909 (1968), wherein it was stated as follows:

"Defendants claim that the judgment is invalid because they were not given a 7-day notice as required by GCR 1963, 520.2 pertaining to default judgments. However, this rule cannot apply to this situation. The defendant Leonard H. Wolfe had direct notice from the court of the continuance of the trial from the 16th to the 21st. The provisions of 520.2 have no application to this type of default; their application to this type of situation would completely nullify the sanction under the provisions of 506.6(2)."

We rule that the trial court had authority under GCR 1963, 506.6(2), to enter the default judgment against defendant, when defendant failed to appear for trial after having been notified of the scheduled trial both by regular mail and by regis-

tered mail and personally by the trial court at the pretrial hearing. This issue is determined by what this Court stated in *Muscio v Muscio,* 62 Mich App 167; 233 NW2d 224 (1975):

"There can be no question that the trial court possessed the authority to grant a default judgment under the circumstances present here. GCR 1963, 506.6(2) reads in pertinent part: 'If the person who fails to attend * * * is a party to the action, the court may * * * enter a judgment by default against that party.' "

Affirmed.