COOK v HAYNES

Docket No. 78-3507. Submitted May 2, 1979, at Lansing.—Decided September 5, 1979.

Plaintiffs, Leroy L., Barbara, Donald S. and Verla Cook, filed a complaint against Max Haynes, his wife, Dora, and Randall Hudson alleging ownership of certain land and the destruction of a fence on the property by defendants and praying for damages, injunctive relief and reformation of certain deeds to remove any cloud on plaintiffs' title to the property. Defendants counterclaimed to quiet title and answered that defendants Haynes had conveyed their interest to Randall T. Hudson and Patricia J. Hudson. Plaintiffs dismissed the defendants Haynes and proceeded to trial against Randall Hudson. On the second day of trial plaintiffs moved to add Patricia Hudson as a defendant, it having been pointed out that she was a necessary party. The Branch Circuit Court, Thomas C. Magarule, J., granted plaintiffs' motion and adjourned the trial to allow time to serve Mrs. Hudson. An amended complaint was filed adding Mrs. Hudson as a defendant. Plaintiffs requested a pretrial conference date and moved to advance the cause on the calendar. At the pretrial conference the trial court indicated to both counsel that the trial date would be set in the pretrial summary sent to counsel, and, although the pretrial summary was timely mailed to and received by plaintiffs' counsel, it was never signed by counsel and returned to the clerk, as required by court rule. On the date set by the clerk for trial, plaintiffs failed to appear. The court phoned plaintiffs' counsel and learned that counsel had neglected to note the trial date. Counsel requested a continuance until that afternoon, and the court refused, noting on the record that plaintiffs had requested an early trial date and that special arrangement had been made to secure the presence of a court reporter, but stated that defense counsel was free to stipulate to adjournment. The court dismissed plaintiffs' complaint for failure to appear and, after

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 53, 69, 88 et seq.

[2] 47 Am Jur 2d, Judgments § 1168.

hearing testimony, found in favor of defendants on their counterclaim. On August 14, 1978, plaintiffs' motion to set aside the dismissal of their complaint and the verdict for defendants on their counterclaim was heard and denied by the trial court. Plaintiffs appeal. *Held:*

The purpose of the trial court's authority to involuntarily dismiss a case for failure to appear after due notice is to foster judicial control over the docket, but the exercise of this power should be undertaken cautiously. The court rules recognize the need to make allowances in certain circumstances, including where human error is present, and relieve a party from the consequences of a final judgment. The record indicates plaintiffs were not engaged in foot-dragging, there doesn't appear to be any actual prejudice to defendants and the court had reserved two days for trial. Any inconvenience to the defendants could have been assuaged by the imposition of appropriate costs. The dismissal was too harsh and constituted an abuse of discretion.

Reversed and remanded.

R. M. MAHER, J., dissented. He would hold that the trial court's reluctance to allow further delays caused by plaintiffs' counsel is understandable and did not constitute an abuse of discretion.

### OPINION OF THE COURT

1. DISMISSAL AND NONSUIT — COURT RULES — INVOLUNTARY DISMISSAL.

The purpose of the trial court's authority to involuntarily dismiss a case for failure to appear after due notice is to foster judicial control over the docket, but the exercise of this power should be undertaken cautiously; the court rules recognize the need to make allowances for certain circumstances, including where human error is present, and relieve a party from the consequences of a final judgment (GCR 1963, 528.3[1], 528.3[6]).

### DISSENT BY R. M. MAHER, J.

2. JUDGMENT — DEFAULT JUDGMENT — DISCRETION — APPEAL AND ERROR.

*It is within the trial court's discretion to enter a default judgment against a party who fails to appear at trial after proper notice has been given, and the Court of Appeals should not substitute its judgment for that of the trial court where the record does not show that the trial court acted out of passion or bias rather than logic and reason.*

*Smith & Brooker, P.C.* (by *Michael J. Huffman),* for plaintiffs.

*Biringer, Jacox & Hutchinson, P.C.,* for defendants Hudson.

Before: M. F. Cavanagh, P.J., and R. M. Maher and W. Van Valkenburg,* JJ.

M. F. Cavanagh, P.J. The pertinent facts in this dispute are succinctly stated in our brother's opinion. Further amplification at this point is unnecessary. We write to state the reasons for which we would reverse the court below.

It is clear from case law that the failure of an attorney to appear after due notice has been given is sufficient grounds for involuntary nonsuit, and that the purpose of permitting a court to dismiss a case on such grounds is to foster judicial control over the docket. *Cavataio v City-Wide Cleaners and Dryers, Inc,* 23 Mich App 419, 422; 178 NW2d 831 (1970), *lv den* 383 Mich 806 (1970). However, despite this retained judicial power of involuntary dismissal, exercise of this power should be undertaken cautiously. *MacArthur Patton Christian Ass'n v Farm Bureau Insurance Group,* 403 Mich 474, 477; 270 NW2d 101 (1978). Furthermore, the court rules recognize the need to make allowances in certain circumstances, including where human error is present, to relieve a party from the consequences of a final order or judgment. GCR 1963, 528.3(1) and (6). It is likewise evident that where a dismissal of a complaint or entry of a default judgment occurred because of the attorney's nonappearance, the court had made a number of attempts to contact counsel, prior delays in the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

case had occurred and/or a certain amount of wilful neglect on the attorney's or his client's part appeared on the record. *E.g.,* see *Banta v Serban,* 370 Mich 367; 121 NW2d 854 (1963).

In *Heins v Sutphin,* 76 Mich App 562; 257 NW2d 169 (1977), the Court considered four factors in deciding whether a court's refusal to reinstate plaintiff's case after dismissal for no progress constituted an abuse of discretion. Two of these factors seem appropriate to apply to this case: (1) whether the plaintiff had been prosecuting its case with diligence, and (2) whether the defendant was *actually* prejudiced by the delay caused by plaintiff. Regarding the first, no evidence of foot-dragging by the plaintiff appears. As for the second, since counsel requested an adjournment to the afternoon only, and even after this request was denied, made the effort to appear before the court with witnesses ready to proceed, it is difficult to find any actual prejudice to the defendant.

We do not dispute that a trial judge's concern for docket control may well be a legitimate justification for a dismissal.[1] Here, however, the case had not been languishing for an unduly long pe-

[1] The Court Administrator's official statistics for the July, 1978 period (trial was July 27, 1978) indicate that this circuit had 483 cases pending for the period July 1, 1978, to December 31, 1978; for the period July 1, 1977, to June 30, 1978, the court had 545 cases pending. These figures compare with the statewide average of 882 cases pending per judge; with the Region III (18 southwestern counties, including this circuit) per judge average of 642 pending cases; and with the Region II per judge average of 935 cases. (These figures are the last official averages available, and are the averages for fiscal year 1976-1977. Unofficially, for 1977-78, the statewide average was 777 cases per judge, excluding Wayne and six other circuits not reporting). The per judge case average for Wayne County, again by way of contrast, was 1,471 for 1976-77; and from July 1, 1977, to June 30, 1978, the circuit court in Wayne County had 30,000 pending cases. It is obvious, therefore, that this circuit's average caseload is well below the state and even below the Region III average. Furthermore, it appears that the average non-jury trial in this circuit takes between one-half and one entire day to complete.

riod. Further, the trial court specifically stated it had reserved two days for the trial of the cause. We fail to see why any inconvenience to the defendants by a four-hour delay could not have been assuaged by the imposition of appropriate costs against the plaintiffs.

The course chosen by the trial court under the circumstances here present was too harsh and constituted an abuse of discretion. The principle stated in *Hormel v Helvering,* 312 US 552, 557; 61 S Ct 719; 85 L Ed 1037 (1941), "[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them. * * * Orderly rules of procedure do not require sacrifice of the rules of fundamental justice", is apposite here. Accordingly, we reverse and remand for a new trial.

W. Van Valkenburg, J., concurred.

R. M. Maher, J. *(dissenting).* On August 14, 1978, the trial court entered a judgment dismissing plaintiffs' complaint for failure to appear for trial and granting defendants-appellees' counterclaim giving them free and clear title to a certain piece of disputed property in Branch County. Plaintiffs appeal as of right.

On January 2, 1976, plaintiffs filed a complaint against Max Haynes, his wife, Dora, and Randall Hudson. The complaint alleged that plaintiffs were the owners of a certain piece of property and that they and their predecessors had used the property for at least 37 years. Plaintiffs further alleged that defendants had destroyed a fence which was on plaintiffs' property, defendants being the owners of an adjacent parcel of property. The complaint prayed for damages in the amount of $30,000, a restraining order forbidding defendants from activities on the disputed land, and reform of plaintiffs'

and defendants' deeds to remove any cloud on plaintiffs' title.

On January 23, 1976, defendants filed their answer, along with a counterclaim seeking to quiet title to the disputed property. In their counterclaim defendants alleged, *inter alia,* the defendants Haynes had conveyed their interest in the subject property to Randall T. Hudson and Patricia J. Hudson, by warranty deed dated December 10, 1975. A copy of the deed was attached to the pleadings. On February 13, 1976, the parties filed a stipulation dismissing with prejudice the complaint against defendants Haynes because they retained no interest in the subject property.

Trial commenced on June 23, 1977. After presenting testimony of five witnesses and after the trial court had visited the property in question, plaintiffs' counsel moved on the second day of trial to add Patricia J. Hudson as a defendant, defense counsel having pointed out that Mrs. Hudson was a necessary party to the action. The trial court granted the motion to add Mrs. Hudson as a defendant, but refused to order the trial to continue as if she had been a party from the outset, unless Mrs. Hudson stipulated to such a procedure. At this point the proceedings were adjourned to allow plaintiffs' counsel to serve Mrs. Hudson with a complaint and summons.

On August 10, 1977, an amended complaint was filed adding Patricia Hudson as a defendant. Apparently no stipulation was ever filed with regard to continuing the trial from the point of interruption on June 24, 1977, as the record discloses that plaintiffs' counsel requested a new pretrial date on December 5, 1977, followed by a December 12, 1977, motion to advance the cause on the calendar.

The new pretrial conference was held January

11, 1978, at which time the trial court indicated to both counsel that the trial date would be set in the pretrial summary sent to counsel.[1] Although the pretrial summary was timely mailed to and received by counsel for plaintiffs, it was never signed by counsel and returned to the clerk of court, as required by court rule.

On July 27, 1978, the date set by the court for trial, plaintiffs failed to appear. The court telephoned the office of plaintiffs' counsel and learned that counsel had neglected to place the date on his calendar. Plaintiffs' counsel requested that the court adjourn the matter until the afternoon. The court refused, noting on the record that plaintiffs had requested an early trial date and that special arrangements had been made to secure the presence of a court reporter, but stated that defense counsel was free to stipulate to adjournment. Defense counsel declined to stipulate to adjournment. The court dismissed plaintiffs' complaint for failure to appear and, after hearing testimony, found in favor of defendants on their counterclaim. On August 14, 1978, plaintiffs' motion to set aside the dismissal of their complaint and the verdict for defendants on their counterclaim was heard and denied by the trial court.

Counsel for plaintiffs argued in the trial court and urges on appeal that the pretrial summary was not a proper notice of trial under the court rules, and that plaintiffs therefore never had actual notice of the trial date. GCR 1963, 501.2 authorizes circuit courts to provide by rule a method for setting trial dates. Rule 10 of the

---

[1] It should be noted that this same procedure was followed in setting the original trial date. That date was adjourned by stipulation of the parties, and a new date was set by the trial court and noticed to the parties.

Branch County Circuit Court, as quoted in plaintiffs' brief, provides:

"Actions shall be assigned for trial at the pretrial conference, unless otherwise directed by the court."

The trial court recalled stating at the pretrial conference that the trial date would be set in the pretrial summary. Counsel for plaintiffs recalled the court having said that notice of trial would be forthcoming. No matter whose memory is the more accurate, it cannot be denied that counsel in fact received the pretrial summary, that the summary unequivocally stated that trial was set for July 27, 1978, and that counsel failed both to return the pretrial summary and to appear for trial.

It is within the trial court's discretion to enter a default judgment against a party who fails to appear at trial after proper notice has been given, *Muscio v Muscio,* 62 Mich App 167; 233 NW2d 224 (1975), *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975). I am of the opinion that the trial court did not abuse its discretion in finding that plaintiffs had actual and proper notice of trial and that their failure to appear was not excusable neglect, especially in view of the history of the case. The court had earlier expended one and one-half days hearing testimony which proved to be useless because a necessary party had not been joined by plaintiffs, despite the fact that defendants' counterclaim put them on notice of her existence. Plaintiffs had moved to have the case advanced on the calendar, and a second pretrial conference had been held shortly thereafter. Two more days of court time had been set aside for the second attempt at trial. The trial court's reluctance to allow further delays caused by plaintiffs'

counsel is certainly understandable under the circumstances. Defendants as well as the court had invested considerable time and effort in the case; through no fault of theirs, little, if any, progress had been made in the matter.

Had we been in the position of the trial court, we might have acted differently; however, the record does not show that the trial court acted out of passion or bias rather than logically and reasonably, and we should not substitute our judgment for that of the trial court, *In re Kyung Won Kim,* 72 Mich App 85; 249 NW2d 305 (1976).

I would affirm.