COMSTOCK CONSTRUCTION COMPANY v LHG INVESTMENT
COMPANY

Docket No. 61797. Submitted April 13, 1983, at Lansing.—Decided
June 7, 1983.

Plaintiff, Comstock Construction Company, brought an action in
the District Court for the 86th Judicial District against LHG
Investment Company (defendant) and others seeking to recover
$9,297 for construction work it performed on a condominium
unit owned by defendant. The defendant filed a counterclaim
which exceeded the jurisdictional limits of the district court
and the case was, therefore, removed to the Leelanau Circuit
Court. Thereafter, the trial court, William R. Brown, J., en-
tered an order of default against defendant and an order
dismissing defendant's counterclaim. Such action was taken
following the defendant's attorney's failure to telephone the
court at the time scheduled for a pretrial conference. Defen-
dant's attorney had requested and had been granted permission
to conduct such conference by telephone. Defendant appeals
from the trial court's order denying defendant's motion to set
the orders aside. *Held:*

1. The failure of an attorney to appear after due notice has
been given is a sufficient ground for either the entry of a
default or an involuntary nonsuit; however, the action taken by
the trial court was too harsh under the circumstances pre-
sented and constituted an abuse of discretion.

2. The trial court's concern for docket control did not justify
the action taken. Any inconvenience caused to plaintiff by the
delay of only one hour could have been remedied by the
imposition of costs.

3. The Court of Appeals will not accept the trial court's
conclusion that a series of interrogatories posed by defendant to

References for Points in Headnotes
[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 56.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 95, 96, 199.
Construction and effect of Rules 30(b), (d), 31(d), of the Federal
Rules of Civil Procedure, and similar state statutes and rules,
relating to preventing, limiting, or terminating the taking of
depositions. 70 ALR2d 685.

plaintiff evidenced an intent to harass the plaintiff. Although some questions posed might have been irrelevant, the appropriate remedy would have been to grant plaintiff's request for a protective order and to award plaintiff costs. Defendant's presence was not necessary to permit the court to take such action.

Reversed and remanded for trial on the claim and the counterclaim.

1. TRIAL — DEFAULT — FAILURE TO APPEAR — NONSUIT.

The failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit.

2. REMEDIES — INTERROGATORIES — COURT RULES.

An appropriate remedy in an action where a defendant's interrogatories are found to be irrelevant to the proceedings is to grant the plaintiff's request for a protective order and award the plaintiff costs (GCR 1963, 306.2, 309.5).

*Running, Wise & Wilson* (by *Patrick J. Wilson*), for plaintiff.

*Jaffe, Snider, Raitt & Heuer, P.C.* (by *Stephen M. Atkinson*), for LHG Investment Company.

Before: DANHOF, C.J., and ALLEN and D. F. WALSH

PER CURIAM. On October 5, 1981, the trial court entered an order of default against defendant LHG Investment Company (defendant) and an order dismissing defendant's counterclaim. Defendant appeals as of right from the trial court's refusal to set those orders aside.

The facts in this case are not in dispute. On June 20, 1980, plaintiff filed a complaint in the District Court for the 86th Judicial District seeking to recover $9,297 it claimed that defendant owed for construction work it performed on a condominium unit owned by defendant. Defendant denied that it owed the amount claimed because it contended that plaintiff failed to perform the work

properly. It also filed a counterclaim in which it alleged that plaintiff was in breach of the agreement and that plaintiff had made numerous material misrepresentations to defendant and that as a result thereof defendant suffered the loss of rental income. Defendant claimed that its loss exceeded the jurisdictional amount for a district court action. Therefore, the case was removed to the Leelanau County Circuit Court, 13th Judicial Circuit, on May 29, 1981.

A pretrial conference was scheduled for 10 a.m. on October 5, 1981. Prior to that date, the attorney for defendant contacted the court and requested that the conference be conducted by telephone. The court agreed to that procedure. However, it informed defendant's attorney that he should notify plaintiff's attorney. When plaintiff's attorney was notified, he responded that he intended to appear in person because plaintiff had filed a motion for a protective order with respect to certain interrogatories filed by defendant, which motion was noticed for hearing at the same time. It is undisputed that the responsibility for initiating the telephone conference was given to defendant's attorney.

For reasons which are not apparent on the record, defendant's attorney believed that the time for which the hearing was scheduled was 11 a.m. on October 5, 1981, despite the fact that he had received notice that it was scheduled for 10 a.m. At 11 a.m. on that date he placed a call to the circuit court for the purpose of participating in the conference. Plaintiff's attorney personally appeared at 10 a.m. and remained in court for almost one hour. When defendant's attorney called at 11 a.m., he was informed that because of his failure to call at 10 a.m., a default had been entered on plaintiff's claim and defendant's counterclaim had been dismissed. Following a hearing

which was held on December 7, 1981, the trial court denied defendant's motion to set the orders aside.

It is clear that the failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit. *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975), *Cavataio v City-Wide Cleaners & Dyers, Inc,* 23 Mich App 419; 178 NW2d 831 (1970). However, in our opinion, the action taken by the trial court was too harsh under the circumstances presented and constituted an abuse of discretion. *Cook v Haynes,* 92 Mich App 288; 284 NW2d 479 (1979).

The trial court acknowledged that defendant had set forth a meritorious defense to plaintiff's claim. There was no claim that defendant's counterclaim was made in bad faith. The court's concern for docket control did not justify the action taken. The case had been on the circuit court docket for a period of less than 5 months. Any inconvenience which was caused to plaintiff by the delay of only one hour could have been remedied by the imposition of costs. *Cook, supra,* p 292.

We cannot accept the trial court's conclusion that a series of interrogatories posed by defendant to plaintiff evidenced an intent on the part of defendant to harass plaintiff. Although some of the questions posed in those interrogatories might have been irrelevant to these proceedings, the appropriate remedy would have been to grant plaintiff's request for a protective order and to award plaintiff costs. GCR 1963, 306.2, 309.5. Defendant's presence was unnecessary to permit the court to take such action.

The orders of the trial court are reversed and the case is remanded for trial on the claim and the counterclaim. No costs.