*In re* KYUNG WON KIM

1. Adoption—Statutes.

The adoption of children is governed solely by statute (MCLA 710.21 *et seq.;* MSA 27.3178[555.21] *et seq.).*

2. Adoption—Judicial Discretion—Appeal and Error—Abuse of Discretion.

A probate judge has discretion to grant or deny a petition for adoption, and appellate review is limited to whether or not the judge has clearly abused that discretion.

3. Judges—Discretion—Abuse of Discretion—Evidence—Violation of Logic.

An abuse of judicial discretion appears where the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

Appeal from the Probate Court for the County of Eaton, Robert C. Ballard, J. Submitted October 12, 1976, at Marquette. (Docket No. 27108.) Decided October 28, 1976.

Petition by Maryann Woodman and Merle Woodman for the adoption of Kyung Won Kim. A one-year pre-adoption custody placement was granted to petitioners. The petitioners initiated a divorce action. Petition by the Eaton County Department of Social Services for a dismissal of the adoption petition. Adoption petition dismissed and placement terminated. Maryann Woodman appeals. Affirmed.

References for Points in Headnotes

[1, 2] 2 Am Jur 2d, Adoption § 48 *et seq.*
[2, 3] 4 Am Jur 2d, Appeal and Error § 134.

*Thomas S. Eveland,* for appellant.

*Paul Berger,* Prosecuting Attorney, for appellee.

Before: M. J. KELLY, P. J., and J. H. GILLIS and W. P. HAMPTON,* JJ.

PER CURIAM. Plaintiff appeals as of right a lower court order dismissing plaintiff's adoption petition.

On September 27, 1974, plaintiff and her husband, Merle Woodman, filed a petition for the adoption of Kyung Won Kim (hereinafter referred to as Kim). Following a pre-adoption home study, an order was entered on November 6, 1974, making the child a ward of the court and terminating parental rights. On December 11, 1974, Kim was placed in the Woodman's home for the one-year trial period.

On or about August 2, 1975, plaintiff and her husband separated and a divorce suit was commenced. At the request of the Department of Social Services a show cause order was issued by the court requiring the Woodmans to appear before the court to show cause why the adoption petition should not be dismissed. A hearing was held on December 11, 1975, and on January 7, 1976, at which time the court entered an order terminating the placement of the child with the Woodmans, dismissing the adoption petition, and committing Kim to the State Department of Social Services. On January 12, 1976, this Court granted plaintiff's motions for immediate consideration and a stay of the proceedings. Kim has since remained in the home of plaintiff.

Plaintiff, Mrs. Woodman, was an adopted child whose parents, subsequent to their adoption of her,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had obtained a divorce. She has participated in volunteer work with various adoption agencies and. has counseled adoptive parents. Plaintiff and her husband have three natural children. Just prior to their separation the Woodmans had living in their home, Kim, three Vietnamese children whom they were in the process of adopting, a 17-year old foster child and her baby, and their own three children. Due to her marital problems, Mrs. Woodman felt that it would be in the best interests of the Vietnamese children to have them placed in another home. She explained this to the Department of Catholic Social Services, and the children were removed from the Woodman's home.

At the time of the hearing, plaintiff was receiving $90 per week child support from her husband, included within her A.D.C. check, food stamps, and was working approximately 40 hours per week at J. C. Penney Co. Although she had incurred debts, she felt that she could provide for all four children, and expressed the possibility of getting a raise so that she would no longer require A.D.C. assistance. Testimony at the hearing revealed that Kim was attached to plaintiff's three sons, and they to her. Plaintiff also presented witnesses who testified that she is a loving mother and that the child has adapted well in plaintiff's home. William B. Davis, appointed by the court as guardian ad litem of Kim, stated that he felt that the best interests of the child would be to leave Kim with Mrs. Woodman.

Mr. Woodman stated that he planned to seek custody of his three children and would also like to have Kim.

Sue Ann Murton, the adoption worker, testified that in her opinion the adoption petition should be dismissed. She stated that the adoption was for a

two-parent and not a one-parent home and that in her opinion Kim should be placed in an approved home for adoption.

The probate judge expressed his concern and stated that he felt that it would be unfair to start a child out in a broken home especially where there was a potential for custody arguments as in this case. He determined that on the basis of the testimony and past experience that it would be best for the child if he dismissed the adoption petition.

Adoption of children is governed solely by statute. *In re Leach,* 373 Mich 148; 128 NW2d 475 (1964). In Michigan, the probate judge has the discretion to grant or deny a petition for adoption.

"One year after the entry of an order terminating rights pursuant to section 51, unless the court determines that circumstances have arisen which make adoption undesirable, the court may enter an order of adoption. Upon the motion of the petitioner, the court may waive the 1-year period, or any portion thereof, if the waiver is in the best interests of the adoptee. If, after a hearing, the court finds that the best interests of the adoptee will be served thereby, it may extend the 1-year period for an additional period of time not exceeding 2 years from the time of placement for adoption. In an adoption proceeding for which an adoption order is not entered within 2 years after placement, the court shall hold a hearing and determine whether an order of adoption shall be entered or the petition denied." MCLA 710.56; MSA 27.3178(555.56).

Appellate review is not *de novo* but rather is limited to the question of whether or not the trial judge abused his discretion.

Plaintiff contends that in the present case the probate judge abused his discretion in dismissing the adoption petition. Plaintiff argues that she is a

good mother and that Kim has developed a loving relationship with her and her three sons. Additionally, plaintiff has submitted opinions of various authorities that a child should not be removed from a known home absent compelling reasons.

In this case, the probate judge had a most difficult decision. We sympathize with plaintiff and do not dispute that she is a loving mother. We recognize the hardship of removing a child from a home to which she is now accustomed and where she has been for almost two years. The probate judge was well aware of all of the circumstances surrounding the situation in the present case. He felt that the best interests of the child mandated that he remove the child from an atmosphere which involved prospective adopting parents who were in the throes of a divorce. Had we been in a position to make a determination, we may well have come to the opposite decision. However, we will not substitute our judgment for that of the trial court unless there has been a clear abuse of discretion. Our Supreme Court has defined "abuse of discretion" thus:

> "Our prior decisions sharply limit appellate review of a trial court's valid exercise of discretion: 'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *Wendel v Swanberg,* 384 Mich 468, 475–476; 185 NW2d 348 (1971), quoting *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

We cannot say that in this case the judge's

decision was violative of logic. In situations such as the one we are now faced with, some individuals will weigh and consider factors differently than others. The judge and the adoption worker felt one way, and the guardian ad litem another. We cannot say that the probate judge was devoid of reasoning merely because his prime considerations were different from those of plaintiff.

We hold that the probate judge did not abuse his discretion. Therefore, we dissolve the stay of proceedings and affirm the order dismissing the adoption petition. However, if there has been a material change in circumstances which has developed since the original hearing, plaintiff may petition the probate court for a rehearing.

Affirmed. No costs.