IN THE MATTER OF BABY BOY BARLOW

(ROBARDS v BARLOW)

1. PARENT AND CHILD—TERMINATION OF FATHER'S RIGHTS—CASE
PRECEDENT—ADOPTION CODE—APPEAL AND ERROR—STATUTES.

A probate court's failure, in issuing an order terminating a
father's parental rights to his child, to follow a precedent case
which supported the father's position was not error where the
precedent case was decided prior to the enactment of the
present adoption code provision applied in the case at bar and
is therefore not controlling (MCLA 710.39[1]; MSA
27.3178[555.39]).

2. APPEAL AND ERROR—JUDGES—DISCRETION—ABUSE OF DISCRETION—
EVIDENCE—VIOLATION OF LOGIC.

The Court of Appeals will not substitute its judgment for that of
a trial court in a valid exercise of the trial court's discretion
unless there has been a clear abuse of discretion; an abuse of
judicial discretion appears only where the result is so palpably
and grossly violative of fact and logic that it evidences not the
exercise of will but the perversity of will, not the exercise of
judgment but defiance thereof, not the exercise of reason but
rather of passion or bias.

Appeal from the Probate Court of Berrien
County, Ronald H. Lange, J. Submitted June 6,
1977, at Lansing. (Docket No. 29825.) Decided
September 27, 1977. Limited leave to appeal
granted, 402 Mich —.

Petition in probate court by Kilty J. Barlow for
a hearing to identify her child's father and to
determine or terminate the father's rights to the
child. Respondent Kevin L. Robards was deter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Adoption § 48 et seq.
   20 Am Jur 2d, Courts § 183.

[2] 5 Am Jur 2d, Appeal and Error §§ 773, 774.

mined to be the father and his rights to the child were terminated. Respondent appeals. Affirmed.

*James K. Jesse,* for Kevin L. Robards.

Berrien County Legal Services (by *John F. Rohm),* for Kilty J. Barlow.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

PER CURIAM. Plaintiff's parental rights to his child were terminated by order of the Berrien County Probate Court on July 27, 1976. Plaintiff appealed. In an opinion issued July 13, 1977, this Court remanded, while retaining jurisdiction, for supplementation of the probate court's findings of fact and conclusions of law.

Plaintiff's parental rights were terminated under MCLA 710.39(1); MSA 27.3178(555.39), which reads:

"If the putative father is one who has not established any custodial relationship with the child or who did not provide any support or care for the mother during pregnancy or for either mother or child after the child's birth until notice of the hearing was served upon him, and if the putative father appears at the hearing and requests custody of the child, the court shall inquire into his fitness and his ability to properly care for the child and shall determine whether the best interests of the child will be served by granting custody to him. If the court finds that it would not be in the best interests of the child to grant custody to the putative father, the court shall terminate his rights to the child."

The probate court found that plaintiff unwed father had neither established a custodial relation-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ship with the child, nor provided any support or care for the mother or child prior to being served with a notice of hearing. The probate court did inquire into the fitness of the father and his ability to properly care for the child. It found that plaintiff was not unfit, but:

"[T]hat the father does not have the ability to properly care for this child. The father is young, immature and unmarried. His care plan involves the extensive aid of his eighteen year-old unmarried sister, a twenty-two year-old divorced sister and his mother, who would care for the child while he is working. The child would be cared for at various times in the paternal grandmother's home, the divorced sister's home and the father's home with all three of them having child raising responsibilities. This plan is very nebulous as the married sister and the paternal grandmother testified that no plans for caring for the child had been worked out.

"The father has minimal knowledge of the fundamental requirements involved in raising a child and has had minimal experience in the full responsibility of child raising."

The probate court considered the best interests of the child. Although not defined in the adoption code, "best interests of the child" is defined in the Child Custody Act of 1970, at MCLA 722.23; MSA 25.312(3), which delineates ten factors to be considered, evaluated and determined. The probate court utilized this definition. The probate court also explicitly took cognizance of the statutory presumption found in MCLA 722.25; MSA 25.312(5) that "it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence". No party in this case challenges the propriety of utilizing these definitions. Therefore, in order to justify termina-

tion in this case the probate court must have found that there was clear and convincing evidence that the best interests of the child would be served thereby. The probate court found that most of the statutory factors had a neutral impact in regard to termination. The factors which it found tending to support termination were the lack of plaintiff's disposition to raise the child in its religion, the father's inability to properly care for the child, the child's greater emotional bonds with the foster parents, and the greater environmental stability which would result from the adoption of the child by his present foster parents. However, there is nothing in this record supporting an assumption that the present foster parents will adopt the child. We also note that the probate court found that the plaintiff would be able to provide love, affection, guidance, education, food, clothing, medical and other care.

On appeal plaintiff makes three assertions of error.

First plaintiff argues that the probate court erred in failing to follow the precedent of *In The Matter of Robert P,* 36 Mich App 497; 194 NW2d 18 (1971). While this case supports plaintiff's position, it came prior to enactment of the present adoption code provision applied here and is therefore not controlling.

Second, the plaintiff argues that the probate court's findings are contrary to the great weight of the evidence. We find, however, that the supplemental findings of fact are supported by the record.

Third, the plaintiff asserts that the probate court abused its discretion. In *In re Kyung Won Kim,* 72 Mich App 85, 89–90; 249 NW2d 305 (1976), this Court discussed abuse of discretion in the application of the adoption code:

"The probate judge was well aware of all of the circumstances surrounding the situation in the present case. * * * Had we been in a position to make a determination, we may well have come to the opposite decision. However, we will not substitute our judgment for that of the trial court unless there has been a clear abuse of discretion. Our Supreme Court has defined 'abuse of discretion' thus:

" 'Our prior decisions sharply limit appellate review of a trial court's valid exercise of discretion: "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." ' *Wendel v Swanberg,* 384 Mich 468, 475–476; 185 NW2d 348 (1971), quoting *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

\* \* \*

"We cannot say that the probate judge was devoid of reasoning merely because his prime considerations were different from those of plaintiff."

In this case the probate judge obviously tried very hard to reach the result best for all concerned in a very difficult case. Once having found that it would not be in the best interests of the child to grant custody to this plaintiff, termination was mandated by the statute. We believe that the probate court's findings as to the best interests of the child were based upon fact and logic, rather than passion or bias. Therefore, we hold that there was an exercise, not an abuse of discretion.

Affirmed. Costs to defendant.