*In re* MUNSON

Docket No. 174436. Submitted January 17, 1995, at Lansing. Decided May 12, 1995, at 9:15 A.M.

James C. Tardiff filed a petition in the Tuscola County Probate Court to adopt April R. Munson, an adult and the biological child of his ex-wife, Judy Anne Tardiff, and to terminate the parental rights of April's biological father, Douglas T. Munson. Judy had divorced Douglas when April was three and then married James. April lived with Judy and James during their fifteen-year marriage and continued to reside with James after he and Judy divorced, but James did not attempt to adopt April during the marriage. April consented to the adoption. James was informed by probate court personnel that Judy had to be a party to the adoption petition, and he filed an amended petition adding Judy. The court, W. Wallace Kent, Jr., J., denied the petition, finding that the Adoption Code did not allow two unmarried persons to adopt jointly. The petitioner appealed.

The Court of Appeals *held:*

1. The Adoption Code does not require Judy to join in the petition for adoption. Because April is an adult adoptee, Judy's consent to the adoption is unnecessary. Therefore, the probate court erred in requiring the petition to include Judy as a party.

2. As a single person, James is entitled to petition for April's adoption under the Adoption Code. The probate court erred in finding *In re Adams,* 189 Mich App 540 (1991), to be controlling in this case. *In re Adams* addressed situations where two single people or two married people who are not married to each other attempt to adopt jointly.

Reversed.

1. ADOPTION — ADULT ADOPTEES — INTERESTED PARTIES.

A noncustodial biological parent of an adult adoptee is not an "interested party" for the purposes of filing an adoption petition (MCR 5.753; MCL 710.24a; MSA 27.3178[555.24a]).

REFERENCES

Am Jur 2d, Adoption §§ 14, 15, 21, 74.

Adoption of adult. 21 ALR3d 1012.

Marital status of prospective adopting parents as factor in adoption proceedings. 2 ALR4th 555.

2. ADOPTION — ADULT ADOPTEES — CONSENT OF BIOLOGICAL MOTHER.

   The biological mother of an adult adoptee is not required to consent to the adoption where the termination of the mother's parental rights is not sought (MCL 710.22[g], 710.24a[1][c][v], 710.43[3]; MSA 27.3178[555.22][g], 27.3178[555.24a][1][c][v], 27.3178[555.43][3]).

3. ADOPTION — SINGLE PERSONS.

   The Adoption Code permits an adoption by a single person (MCL 710.24[1]; MSA 27.3178[555.24][1]).

*UAW-GM Legal Services Plan* (by *Michael C. Weiss*), for James Tardiff.

Before: CAVANAGH, P.J., and HOLBROOK, JR. and MARKEY, JJ.

PER CURIAM. Petitioner James C. Tardiff appeals as of right from the probate court's denial of his petition to adopt April Rae Munson, an adult and the biological daughter of his ex-wife. We reverse.

April Rae Munson's biological mother, Judy Anne Tardiff, divorced respondent, Douglas T. Munson, who is April's biological father, when April was three. Judy Tardiff then married petitioner. Apparently, petitioner never attempted to adopt April during his marriage to Judy Tardiff. April lived with petitioner and Judy during their fifteen-year marriage. After the divorce, April continued to reside with petitioner. Neither petitioner nor Judy Tardiff remarried.

Petitioner subsequently filed his petition to adopt April, who was then nineteen years old, and to terminate respondent's parental rights. April consented to the adoption. The probate court personnel advised petitioner, however, that Judy Tardiff had to be a party to the adoption petition because she was April's biological mother, so petitioner filed an amended petition listing himself

and Judy Tardiff as the adopting father and mother.

Believing this Court's decision in *In re Adams,* 189 Mich App 540; 473 NW2d 712 (1991), to be controlling, the probate court denied, albeit reluctantly, the petition for adoption because the Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.*, did not permit two unmarried people to adopt an individual jointly. The court relied on § 24(1) of the Adoption Code, MCL 710.24(1); MSA 27.3178(555.24)(1), which provides:

> If *a person* desires to adopt a child or an adult and to bestow upon the adoptee his family name, or to adopt a child or an adult without a change of name, with the intent to make the adoptee his heir, *that person, together with his wife or her husband, if married,* shall file a petition with the probate court of the county in which the petitioner resides or where the adoptee is found. [Emphasis added.]

The probate court opined that Judy Tardiff's joinder in the adoption petition was necessary to prevent the termination of Judy Tardiff's parental rights as a result of petitioner's adoption request. Because of her joinder, however, the court was faced with two single persons petitioning to adopt the same child. On the basis of the reasoning set forth in *Adams, supra* at 544-547, the court found that allowing two unmarried persons to adopt April jointly would be inconsistent with the scope and purpose of the Adoption Code. For this reason, the probate court denied petitioner's adoption request. Petitioner appeals from this denial.

Without question, the probate court was acting in good faith when it attempted to apply and reconcile both the holding in *Adams* and the applicable sections of the Adoption Code to this unusual

fact situation. However, we believe the probate court interpreted the code and *Adams* too expansively in finding that Tardiff was a necessary party to these proceedings and in determining that *Adams* is controlling here or conflicts with petitioner's request. See *In re Kyung Won Kim,* 72 Mich App 85, 88; 249 NW2d 305 (1976).

Specifically, we find nothing in the Adoption Code that requires Judy Tardiff to join the petition for adoption. Section 24 of the Adoption Code does not mandate joinder of the adoptee's natural mother in this case because Judy Tardiff is no longer married to petitioner and was not petitioner's spouse at the time he filed the adoption petition. MCL 710.24(1); MSA 27.3178(555.24)(1). Similarly, MCR 5.753 and MCL 710.24a; MSA 27.3178(555.24a) do not include the noncustodial biological parent of an adult adoptee within the definition of an "interested party" for purposes of filing an adoption petition. Moreover, nothing in the code indicates that petitioner's adoption of an adult adoptee would automatically terminate the parental rights of the adult adoptee's biological mother. Indeed, petitioner requested only that the parental rights of respondent, April's biological father, be terminated as a prerequisite to petitioner's adoption of April.

We also disagree that Judy Tardiff had to be joined in the adoption petition in order to give her consent to the adoption. Because of April's status as an adult adoptee, Judy Tardiff was not required to consent to the adoption. *Adams* at 546; MCL 710.43(3); MSA 27.3178(555.43)(3). The Adoption Code only requires the consent of the parent whose parental rights must be terminated in order to grant the adoption. MCL 710.24a(1)(c)(v); MSA 27.3178(555.24a)(1)(c)(v); MCL 710.22(g); MSA 27.3178(555.22)(g). Because neither Judy Tardiff's

joinder nor her consent to the adoption was required by the Adoption Code, we find that the probate court erred in requiring petitioner to include the adult adoptee's biological mother as a party to his adoption petition.

Finally, because petitioner is a single person and the Adoption Code permits single persons to adopt, the probate court erred in applying this Court's decision in *Adams, supra,* to the case at bar. *Adams* only addressed situations where more than one person joins in the adoption petition, i.e., where two single people or two married people who are not married to each other attempt to adopt jointly. *Id.* at 543-544, 546-547. *Adams* did, however, affirm that the statutory language of § 24 unambiguously limits the "group of persons eligible to adopt to *single persons* and married persons jointly with their spouses." *Id.* at 547 (emphasis added). Here, petitioner alone is asking the probate court to recognize him as April's legal father. Because *Adams* does not address the instant question whether a single man may adopt an adult adoptee after he divorces the adoptee's biological mother, we hold that the probate court erred in denying petitioner's adoption request on the basis of the holding in *Adams.* Instead, we find that as a single person, petitioner is entitled to petition for April's adoption under the Adoption Code, thereby becoming April's legal father and terminating the parental rights of respondent, her biological father.

Accordingly, we hold that in misinterpreting the breadth of this Court's holding in *Adams,* the probate court abused its discretion when it denied petitioner's adoption request. See *Kyung Won Kim, supra.*

Reversed.